**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Barry TIKOTIN, Defendant–Appellant.**

No. 07–50268.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2008.

Filed May 6, 2008.

Brent A. Whittlesey, Esq., USLA—Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Plaintiff–Appellee.

Andrew Edward Smyth, Esq., Law Offices of Andrew E. Smyth, Los Angeles, CA, for Defendant–Appellant.

Before: BEEZER, T.G. NELSON, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Barry Tikotin appeals the district court's order authorizing the United States to sell residential real property to satisfy his debt to the government. We have considered the parties' arguments and the record, and hold that Tikotin has not demonstrated an interest in the property sufficient to establish standing. We affirm the district court's order authorizing the sale of the property.

Article III standing must be determined as a threshold matter in every federal case. *United States v. 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir.2004). To have standing, a party must have a sufficient interest in the property to create a case or controversy. *Id.*

We requested that counsel for both parties submit supplemental letter briefs to the court answering the question whether Tikotin has standing in this case. Tikotin's counsel failed to file a supplemental brief. Tikotin had previously conceded that he transferred his interest in the property to his wife by quitclaim deed in 1995. He has failed to demonstrate that he retained, or has since acquired, any interest in the property. Tikotin failed to establish standing to object to the government's motion to sell the property.

Tikotin's motion to augment the record dated April 15, 2008 is DENIED. Because Tikotin lacks standing to object to the government's motion for an order authorizing the sale of the property, the district court's order of sale is

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.